**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER LAMAR SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:22-CV-322-ECM-CWB** |
| | ) | **[WO]** |
| **STATE OF ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate, filed a *pro se* complaint on or about May 26, 2022 using this court's standard form for actions brought under 42 U.S.C. § 1983.  (Doc. 1)  Plaintiff appears to allege that his sentence was erroneously based upon application of the "Habitual Felony Offender Act" and thus requests that the court reduce his life sentence "to a 20 year sentence."  (*Id.*)

"A claim is properly raised under § 1983 when an inmate challenges the circumstances of his confinement but not the validity of his conviction and/or sentence." *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013) (citation omitted).  "By contrast, habeas corpus law exists to provide a prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release." *Id.* (citation and internal quotation marks omitted).  "Issues sounding in habeas are mutually exclusive from those sounding in a § 1983 action."  *Id.*  Because it is clear that Plaintiff is asserting a challenge to the validity/duration of his sentence rather than to the circumstances of his confinement, he cannot bring his claim under 42 U.S.C. § 1983.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      the complaint (Doc. 1) be DISMISSED without prejudice as improperly filed;

2.      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED AS MOOT; and

3.      this case be CLOSED.

It is further ORDERED that, by August 5, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 22nd day of July 2022.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**